IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dennis Temple a/k/a Dennis Maurice Temple,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>Henry McMaster, Governor; Bryan Stirling,  )<br>Director; Unknown Nelson, Warden; Shane )<br>Jackson, Warden; Arenda Thomas, Associate )<br>Warden; Unknown Tisdale, Associate )<br>Warden; Unknown Brown, Lieutenant; )<br>Unknown Wilson, Inmate Grievance )<br>Coordination; Cynthia Mcpherson, )<br>Commissary Personal; Unknown Smith, )<br>Inmate Financial personal,  )<br>)<br>Defendants.  )<br>_____)  | Case No.: 8:22-cv-03895-JD-JDA<br><br>**ORDER AND OPINION** |

This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) of the District of South Carolina.[1]  (DE 8.)  Plaintiff Dennis Temple a/k/a Dennis Maurice Temple ("Plaintiff" or "Temple"), proceeding *pro se,* brought this action alleging the above-named defendants have violated his rights to due process and equal protection under the Eighth and Fourteenth Amendments to the United States Constitution for requiring Temple to deposit a Federal check

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

into his prison account, allowing inmates to preside over misconduct hearings involving other inmates, and denying him new socks, underwear and tshirts. (DE 1-2.)

Plaintiff filed a Motion for Leave to Proceed *in forma pauperis*. (DE 2.) However, Plaintiff is subject to the three-strikes rule of the Prison Litigation Reform Act of 1996, Pub. L. No. 104–134, 110 Stat. 1321–71 (1996) ("PLRA"). In light of Plaintiff's prior "strikes,"[2] he cannot proceed with the instant complaint because his claims do not satisfy the exception for "imminent danger" of serious physical injury provided by the three-strikes rule provided in 28 U.S.C. § 1915(g)[3]. (DE 8, p. 6.)

The Report and Recommendation was issued on November 11, 2022, recommending Plaintiff's Motion to Proceed *in forma pauperis* be denied and Plaintiff be given twenty-one (21) days to pay the $402 filing fee, and if Plaintiff fails to timely pay, Plaintiff's Complaint should be dismissed without prejudice. (DE 8.) Plaintiff has not filed an objection to the Report. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

---

[2] Plaintiff has filed approximately 17 cases in this Court. The magistrate judge identified the following previous actions by the Plaintiff that count as "strikes" under 28 U.S.C. 1915(g): Temple v. McClelland, No. 8:15-cv-0652-JFA-JDA, Temple v. Oconee County, No. 8:14-cv-4832-JFA-JDA, Temple v. Carter, No. 8:14-cv-01366-JFA-JDA and Temple v. Oconee County, No. 8:11-cv-00189-MBS-JRM. (DE 8, pp. 5-6.)

[3] The "three strikes" rule of the Prisoner Litigation Reform Act provides: "[i]n no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 8) and incorporates it herein.

It is, therefore, **ORDERED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (DE 2) is denied. It is FURTHER ORDERED that Plaintiff must pay the full $402.00 filing fee within twenty-one (21) days of this Order. If Plaintiff fails to timely pay the full filing fee, the Complaint will be dismissed without prejudice and without issuance of service of process.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
January 13, 2023

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that she has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.